IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARON MOORE,

      Petitioner

vs.                                    CIV. No. 20-cv-1224 MV-JFR

                                    CR. No. 17-cr-1836 MV-JFR

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on two matters filed by Petitioner Sharon Moore on July 19, 2021: (1) Petitioner's Letter to Clerk, docketed as a "Motion for Reconsideration re Judgment and Memorandum Opinion and Order" (Doc. 14); and (2) "Objections to the [Magistrate Judge's] Report and Recommendations to Deny Relief" (Doc. 13). This Court adopted the June 3, 2021 Proposed Findings and Recommended Disposition ("PFRD"), which recommended the dismissal of the habeas petition with prejudice and denial of a certificate of appealability. Docs. 10-11. Final judgment against Petitioner was entered on July 1, 2021. Doc. 12. In her new motion, Petitioner asks the Court to consider her late-filed objections to the PFRD. Doc. 14. Petitioner explains that she attempted to file her objections on time. The government did not respond in any manner to either the motion for reconsideration or the proposed objections. The Court will consider and deny Petitioner's objections and affirm the final judgment against Petitioner. The Court also denies Petitioner's renewed request for a certificate of appealability.

## Legal Standard

The Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration. *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). However, the

1

Tenth Circuit has held that a motion for reconsideration should be construed as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  *Id.*  The timing of the motion dictates whether it will be analyzed under Rule 59(e) or 60(b).  *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir. 1983).  Rule 59(e) applies if the motion is filed within twenty-eight days of entry of judgment.  *Id.*  Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).  A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier."  *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that a motion to alter or amend under rule 59(e) is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion").  A district court has considerable discretion in ruling on a motion to reconsider.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Courts have discretion to grant relief where a habeas petitioner misses a deadline "through no fault of their own."  *Correll v. Thompson,* 63 F.3d 1279, 1285 n.3 (4th Cir. 1995) (reconsidering prior ruling where habeas petitioner missed deadline "through no fault of [his] own"); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (noting Rule 59(e) relief is a matter of discretion).

## Analysis

Final judgment dismissing Petitioner's case was entered on July 1, 2021.  Doc. 12. Petitioner filed her motion for reconsideration on July 19, 2021, eighteen days after judgment entered; the Court, therefore, applies Rule 59(e) to the analysis.  To prevail, Petitioner must show an intervening change in controlling law, the availability of newly discovered evidence, or a clear error that must be corrected in order to prevent manifest injustice.  *See id*.  The manifest injustice exception applies here as it is uncontested that she sought to mail her objections in a timely manner.[1]

Because the government did not respond to her objections or motion for reconsideration, the Court is without any countervailing information regarding Petitioner's contention that she tried to submit timely objections by giving her mail to federal prison staff members for proper mailing, but failed through no fault of her own.  Doc. 14.  Under the Local Rules of Civil Procedure, a failure to timely respond to a motion "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).  The Court, therefore, will assume that Ms. Moore filed her objections in a timely manner, and consider her objections on their merits as if they were timely filed.

Petitioner asserts two objections to the PFRD that recommended denying her motion to vacate the sentence:  (1) she is entitled to a hearing; and (2) she received faulty legal advice.  She contends that the bar for satisfying her right to a hearing is not high, as stated in *United States v. Lily*, 536 F.3d 190, 195 (3rd Cir. 2008), *Armenti v. United States*, 234 F.3d 820, 825 (2nd Cir. 2000), and *United States v. Estrada*, 849 F.2d 1304, 1306-07 (10th Cir. 1988).  The alleged faulty legal advice that Petitioner raises in her objections concerns her attorney's request that she estimate the money that she obtained in connection with her financial crime and report back to

---

[1] Ms. Moore's objections were due June 21, 2021 (considering three days allowance for mailing).  Her objections are dated June 13, 2021, despite not being filed until July 19, 2021.

him regarding the amount.  She contends that such inquiry amounted to counsel asking *her* for legal advice, and that he in turn failed to describe the sentencing consequences that she faced. Doc. 13 at 2.  Because counsel told her that four to seven years was her anticipated sentencing range (acknowledging a letter counsel sent her describing the possibility of four to 10 years), she claims that her plea "was not knowingly or intelligently made." *Id*. at 3.

These objections, however, merely restate arguments previously addressed and resolved by the Magistrate Judge's PFRD and the Court's final order and judgment.  The Court already explained in detail why the record fails to show that defense counsel was deficient and, in particular, rejected Petitioner's specific challenge regarding counsel's request for her to gather the factual information necessary to inform his advice and recommendation.  *See* Doc. 10 at 12. Contrary to her position, as previously recited, counsel's inquiry suggests that he diligently gathered all factual evidence from numerous sources in order to better inform his client of the anticipated sentencing results.  The Court also previously resolved Petitioner's request for an evidentiary hearing, and thus will not restate the grounds for denying the same.  Doc. 10 at 20.

Therefore, the Court finds that the motion to reconsider and the objections present arguments that are cumulative of the claims that this Court has already considered, and resolved, in Respondent's favor.  Petitioner has failed to show that she is entitled to any relief.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reconsider (Doc. 14) is **GRANTED** to the extent that the Court has considered the Objections as if they were timely filed.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Doc. 13) are overruled, and that her renewed request for a certificate of appealability is **DENIED**.

_____
MARTHA VÁZQUEZ
United States District Judge

4